```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION


UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )   No. 08 CR 009-2
          v.                   )   Hon. Virginia M. Kendall
                               )   presiding
LEON AMIEL, JR.                )
aka Leon Glass,                )
          Defendant.           )
```

MOTION TO STRIKE SURPLUSAGE IN INDICTMENT

NOW COMES the defendant, LEON AMIEL, through his attorneys, KREITER AND GIBBONS & ASSOCIATES, and moves this Honorable Court, pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure, to enter an order striking surplus language in the indictment in the above captioned cause, and in support thereof states as follows:

1. The indictment in the instant case alleges that the defendant participated in a scheme to defraud buyers of artwork, in violation of Title 18 U.S.C. sec. 1343, by reproducing and distributing artwork of prominent artists without the permission of the artists. (Dkt No. 17, passim)

2. The indictment alleges that the defendant and others executed the scheme by selling unauthorized artwork on e-Bay and engaging in shill bidding to inflate the price.

3.   An indictment must be a plain and concise statement of the essential facts constituting the offense charged. <u>U.S. v. Resendiz-Ponce</u>, 167 S.Ct 782, 789 (2007); Fed. R. Crim. P. 7(c)(1). Further, surplus language may be stricken from the indictment if the court finds the language to be immaterial, irrelevant, or prejudicial. <u>U.S. v. Marshall</u>, 985 F.2d 901, 905 (7th Cir. 1993).

4.   Various portions of the indictment in the instant case are superfluous and argumentative and should be stricken.

5.   For example, the indictment unnecessarily sets forth in detail various rules and regulations and contractual obligations of e-Bay users and infers that the defendant's conduct violated these rules and regulations. (<u>See</u> Count I, Paragraph (1)(c), Paragraph (1)(d), Paragraph (1)(g), and Paragraph 10)).

6.   The allegations concerning e-Bay rules and regulations are unnecessary to support the charge and unfairly suggest that the defendant must be guilty of the charged offense because he violated these rules and regulations.

7.   Further, throughout the indictment it is alleged that the defendant and others were engaged in the business of acquiring, printing, selling, and distributing, "counterfeit," artwork and prints. (<u>See</u> Count I, Paragraph (1)(c), (g),

Paragraphs (3)-(10), Paragraph (12), Paragraph (19), and Paragraph (29)).

8.  The use of the term, "counterfeit," in the indictment is unnecessary to support the charge and unfairly prejudices the defendant.

9.  The term, "counterfeit," can refer to an authorized imitation of an original, or it can mean a fake designed to deceive the buyer.  See U.S. v. Tucker, 820 F.2d 234, 236 (7th Cir. 1987) (discussing the statutory construction of the crime of "counterfeiting money"); see also Black's Law Dictionary (8th ed. 2004).

10. In the context of the indictment, the term is not defined and it is used both ways to the detriment of the defendant.

11. For example, paragraph (1)(c) alleges that e-Bay rules prohibit the sale of "counterfeits," while paragraph (1)(g) alleges that the defendant was engaged in the business of printing, selling, and distributing, "counterfeit," artwork throughout the United States.

12. The adjective describing the defendant's business apparently refers to the first meaning, while the allegations regarding e-Bay rules apparently refer to the latter meaning.

13.  As a result of the foregoing, the indictment is not plain and concise and thus, will confuse the jury as to the nature of the offense against the defendant.

WHEREFORE, the defendant respectfully requests that this Honorable Court enter an order striking the paragraphs of the indictment which set forth the e-Bay user rules, and striking the use of the term "counterfeit" from the indictment.

Respectfully submitted,

s/Thomas A.Gibbons

THOMAS A. GIBBONS
KREITER AND GIBBONS & ASSOCIATES
70 W. Hubbard Street
Suite 302
Chicago, Illinois 60610
312-222-0001